IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action |
| v. : | |
| : | No. 09-270-2 |
| RANDALL WRIGHT : | |

**MEMORANDUM**

**STENGEL, J.** July 14, 2014

On October 22, 2013, a jury convicted Randall Wright of: 1.) conspiracy to possess with intent to distribute marijuana for remuneration; 2.) possession with intent to distribute marijuana for remuneration; 3.) possession of a firearm in furtherance of a drug trafficking crime; 4.) possession of a firearm by a convicted felon.[1] Doc. Nos. 155 and 159. Following his conviction, Mr. Wright was taken into custody. On December 16, 2013, Mr. Wright moved for release pending sentencing and appeal, Doc. No. 160, which I denied without opinion. Doc. No. 11. Pursuant to the Court of Appeals' remand of my decision, Doc. No. 174, I now place my reasons for denying the motion on the record.

Mr. Wright's motion is governed by the Bail Reform Act of 1984. 18 U.S.C. §3141, *et. seq*. The statute provides:

> (1) **Except as provided in paragraph (2)**, the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence … be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released….

---

[1] I bifurcated the trial on Count IV of the indictment charging Mr. Wright with violation of 18 U.S.C. § 922(g)(1). The jury rendered its verdict on this count on October 23, 2014.

> (2) The judicial officer shall order that a person who has been found **guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142** and is awaiting imposition or execution of sentence be detained unless—
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a) (emphasis added).  Among other crimes,[2] §3142(f)(1)(A) describes a crime of violence.  A crime of violence is any felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 3156 (a)(4)(B).

Mr. Wright's conviction of possession of a firearm in furtherance of a drug trafficking crime qualifies as a crime of violence.  United States v. Delgado, 13-CR-4097, 2013 WL 6283686 (N.D. Iowa Dec. 4, 2013); United States v. Hill, 10-CR-00191, 2011 WL 5403276 (W.D.N.Y. Nov. 7, 2011) *aff'd*, 462 F. App'x 125 (2d Cir. 2012); Thornton v. Hickey, 10-CV-13, 2010 WL 399103 (E.D. Ky. Jan. 25, 2010); United States v. Andrade, 94-CR-10111, 1994 WL 548103 (D. Mass. June 7, 1994).  Drug trafficking is an inherently dangerous activity.  Several courts have recognized that the combination of drugs and guns substantially increases the risk of physical harm to another person.  *See* Smith v. United States, 508 U.S. 223, 240 (1993) (noting that drugs and guns are a

---

[2] The other crimes do not apply to Mr. Wright.  Those crimes are sex trafficking of children, 18 U.S.C. § 1591, acts of terrorism, § 2332b(g)(5)(B), or "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq*.)." 18 U.S.C.A. § 3142 (f)(1)(A)-(C).  Since Mr. Wright was in possession of 80 pounds or 36 kilograms of marijuana, his maximum sentence on that charge is five years.  §841(b)(1)(D).

2

dangerous combination); United States v. Watson, 650 F.3d 1084, 1093 (8th Cir. 2011) ("We conclude that possession of a firearm while committing a drug trafficking offense presents a serious potential risk of physical injury to another"); United States v. Thomas, CRIM.2008-0020, 2009 WL 2996532 (D.V.I. Sept. 16, 2009) ("Distributors of illegal drugs and users of firearms in commission of crimes of violence are dangerous in a very real sense. The connection between firearms and drugs is well known to law enforcement and others."); *See also* 18 U.S.C. § 3142(e)(3)(B) (creating a rebuttable presumption that a person charged with possession of a firearm in the furtherance of a drug trafficking crime is ineligible for bail pending trial). Hence, I have no trouble concluding that Mr. Wright has been convicted of a crime of violence.

Since Mr. Wright has been convicted of an offense described by §3142(f)(1)(A), I will analyze his motion pursuant to the second paragraph of § 3143(a). Mr. Wright has not filed a motion for acquittal or a new trial. §3143(a)(2)(A)(i). Neither has the United States Attorney recommended that no sentence of imprisonment be imposed. §3143(a)(2)(A)(ii). While these two factors alone make Mr. Wright ineligible for release, I also note that he has not produced clear and convincing evidence that he is not likely to flee. §3143(a)(2)(B). Contrary to Mr. Wright's assertions, trial on this matter was delayed for one day due to his failure to appear in court on the date trial was noticed to commence. Accordingly, I deny his motion for release pending sentencing.

Mr. Wright also moves for release pending appeal. A prisoner may be released pending appeal if the appeal raises a substantial question of law that is likely to result in reversal or an order for a new trial. §3143(b)(1)(B). Mr. Wright appeals on the basis that

his apartment was searched in violation of his Fourth Amendment rights; therefore, the evidence supporting his conviction should have been suppressed.  This theory is unlikely to persuade the Court of Appeals.  *See* <u>United States v. Wright</u>, 493 F. App'x 265, 271 (3d Cir. 2012) (remanding my order suppressing physical evidence due to facial invalidity of the search warrant).  Mr. Wright's appeal does not raise a substantial legal question, and he should not be released pending review by the Third Circuit.  However, I have not yet sentenced Mr. Wright, so there is no final order from which to appeal.  As a result, this motion is not ripe for disposition.  §3143 (b) ("[A] person who has been found guilty of an offense and sentenced to a term of imprisonment" may move for release pending appeal).